## KAHUKULEIONOHI *vs.* KAIKAINAHAOLE.
### EJECTMENT.    BEFORE JUDD, J.
### OCTOBER, 1876.

No right to bring suit for possession of land can accrue to a plaintiff unless the possession by defendant is adverse.

Although in the early days of this Court administrators held the realty of their decedents, yet after the discharge of an administrator he ceased to have any such authority, and his possession became adverse to the heirs.

### DECISION OF JUDD, J.

The Court heard the argument on this case before the jury were empanelled, by consent of both parties.

This is an action of ejectment for the possession of a parcel of land in Kawaiahao, Honolulu. The plaintiffs claim as heirs of Holualoa, deceased. The defendant pleads adverse possession from the time of the death of Holualoa, in the year 1849, to the beginning of this action, and pleads the Statute of Limitations of real actions, of the 18th of July, 1870.

To this the plaintiffs reply that the defendant on the 26th of March, 1849, was appointed administrator of the estate of Holualoa, and that, by the terms of his appointment as such administrator, he took possession of all the real and personal estate of the deceased, including the land in question; that on the 18th of April, 1855, he was discharged as such administrator, but as he credited himself with the tract of land in question in his accounts as presented, he must be deemed as holding the land as trustee for the heirs, and therefore his possession is not adverse to the plaintiffs. The act limiting the time within which actions may be brought to recover possession of land, it is contended, does not require that the possession of the defendant shall be adverse. Section 1, of said Act, reads: "No person shall commence an action to recover possession of any lands or make an entry thereon, unless within twenty years after the

right to bring such action first accrued;" now, unless the possession of the defendant is "adverse," no right to bring an action for the possession could accrue. The plaintiffs claim that the defendant took possession of the real estate in a fiduciary capacity. The defendant claims that the administrator never held the realty. I am of opinion that in 1849 the Superior Court gave such an authority to administrators, and our records show that this authority was freely exercised. But in 1855, the administrator, whatever authority he might have had over the land in consequence of his trust, from the moment of his discharge ceased to have any such authority, and from this time his holding of the land was adverse to the heirs of Holualoa. At this time then their right of action first accrued. A case in point is *Wilmerding vs. Russ*, 33 Conn., 67. The Statute of Limitations then commenced to run. It is claimed that on the 28th of June, 1862, such an action was brought against the defendant as interrupts the operation of the Statute of Limitations; and that likewise in December, 1875, another action was brought for which a like effect is claimed. Both of these proceedings are applications by alleged heirs of Holualoa against defendant, as administrator of said estate, claiming that he should account to them for the real estate in question, and in both of these cases the Probate Courts to whom these petitions were addressed came to the conclusion now arrived at, to wit: that the administrator having been discharged of his trust, the Probate Court had no further jurisdiction over him. These proceedings cannot be held by any refinement of meaning to be actions to recover possession of lands, and therefore do not interrupt the possession. By the records of the Superior Court in 1849, there appears a good deal of evidence that Holualoa made a verbal will of his property to the defendant Kaikainahaole. Such verbal wills were recognized by the Courts in those days, and though by the terms of the defendant's appointment as administrator he was authorized to take charge of the real estate, this trust is not inconsistent with his claim as devisee under the verbal will. This evidence should go to the jury as

tending to show that his claim was adverse, at least, from the time of his discharge. It was claimed at the argument that some of the plaintiffs have been under disabilities, which would postpone the operation of the statute; as this is not admitted by the pleadings, an opportunity must be afforded to show this to the jury. The replication is overruled, and the issues remaining open may go to the jury.

*W. C. Jones,* for plaintiff.

*A. S. Hartwell & S. B. Dole,* for defendants.

Honolulu, October 18th, 1876.